# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                MIDDLESEX SUPERIOR COURT
                                              CIVIL DOCKET NO.: 2381CV00170

```
————————————————————————
                            )
THE ALLAN R. HACKEL         )
ORGANIZATION, INC.,         )
       Plaintiff,           )
                            )
v.                          )
                            )
WESTWOOD ONE, LLC,          )
       Defendant            )
                            )
                            )
————————————————————————)
```

<u>PARTIES</u>

1.      Plaintiff, The Allan R. Hackel Organization, Inc. (hereinafter "TAHO") is a

Massachusetts corporation with a usual place of business at 1330 Centre Street, Newton,

Middlesex County, Massachusetts.


2.      Defendant, Westwood One, LLC (hereinafter "WO") is a Delaware corporation

with a main place of business at 780 Johnson Ferry Rd., Suite 500, Atlanta, Fulton

County, Georgia.

1

3.     The Plaintiff claims jurisdiction under the Massachusetts Long Arm Statute, MGL

c. 223A, as the Defendant conducted multiple transactions with the Plaintiff located in

Massachusetts and the contracts between the parties provide for jurisdiction in

Massachusetts state courts.

4.     Venue is proper in Middlesex Superior Court, as the amount in controversy

exceeds $50,000.00 and the Plaintiff maintains a place of business in Middlesex County.

## FACTS

5.     TAHO is engaged in the barter industry.

6.     Between approximately 1990 and November 2005, TAHO and its successors in

interest and WO and its successors in interest entered into several contracts wherein

TAHO and its successors in interest agreed to provide various advertising credits to WO

and its successor in interest in exchange for radio advertising credits.

7.     By way of example, the most recent agreement between TAHO and WO was

entered into in November 2005 wherein TAHO agreed to provide to WO a full page

black and white advertisement in USA Today amounting to $96,000.00 or advertisements

in Business Week amounting to $96,000.00.  In exchange, WO agreed to provide TAHO

2

with $192,000.00 in credits with Westwood One Radio Networks or Metro Traffic Reports.  See Exhibit A attached hereto.

8.     Over a period of several years, TAHO successfully placed advertisements with WO utilizing its credits pursuant to its various agreements with WO and its successors in interest.

9.     TAHO regularly sent statements to WO confirming its credit balance with WO.

10.     On March 4, 2010, Maureen Kimmins, TAHO's then Manager of Trade Accounting sent a status report to WO indicating that TAHO's credit balance with WO was $189,650.00 and asking that WO confirm the balance.  On August 3, 2010, WO signed off confirmation that the trade balance due from WO to TAHO was $189,500.00. See Exhibit B attached hereto.

11.     In September of 2017, Allan Hackel (hereinafter "AH") reached out on behalf of TAHO to Melissa Garza (hereinafter "Garza"), the then general counsel of WO to inquire about TAHO utilizing some of its credits with WO on radio advertisements with Total Traffic Network.   Garza informed AH that WO no longer had access to Total Traffic Network.  AH inquired as to what was available in WO's inventory.

12.     In communicating with Garza there were continuing issues with WO being unable to provide TAHO with the rate cards and markets for available radio advertising,

3

making it difficult for TAHO to work with his client to place advertisements with WO and utilize TAHO's credits.

13.     Subsequent to September 2017, TAHO did not have any customers that were interested in utilizing TAHO's advertising credits with WO.

14.     TAHO subsequently learned that Garza was no longer employer by WO.  WO did not notify TAHO that Garza was no longer employed with WO, nor did they designate another employee as TAHO's contact person with WO regarding TAHO's trade account.

15.     On December 1, 2022, TAHO was contacted by one of its customers, who was interested in placing 30 or 60 second advertisements utilizing TAHO's credits with WO.

16.     TAHO has been unable to get in contact with WO regarding use of its advertising credits with WO and has been unable to place advertisements on its client's behalf

<u>COUNT ONE – BREACH OF CONTRACT</u>

17.     TAHO repeats, restates, and incorporates the allegations contained in paragraphs one through sixteen as though specifically re-written herein.

18.     TAHO and its successor in interest entered into a series of contracts with WO and its successors in interest.

4

19.     On August 3, 2010, WO confirmed that it owed TAHO a trade balance of $189,650.00.

20.     As of today, TAHO still holds a trade balance of $189,650.00 with WO.

21.     As of December 1, 2022, TAHO had a customer interested in placing radio advertisements with WO pursuant to TAHO's trade credits.

22.     All WO employees previously assigned to TAHO's trade account no longer are employed with WO.

23.     WO has not designated anyone as the contact person for TAHO in regards to its trade account, has not contacted TAHO, or provided any manner for TAHO to contact WO to utilize its trade balance with WO.

24.     As a directly result, TAHO has been unable to utilize its trade balance with WO.

25.     WO has breached its agreement with TAHO by rendering TAHO unable to utilize its advertising credits with WO.

26.     TAHO has been damaged thereby.

5

<u>COUNT TWO – UNJUST ENRICHMENT</u>

27.     TAHO repeats, restates, and incorporates the allegations contained in paragraphs one through twenty-six as though specifically re-written herein.

28.     WO received a benefit by TAHO's provision of advertising and other items on WO's behalf.

29.     TAHO had a reasonable expectation that it would be paid based upon WO's acceptance of TAHO's services and WO's express agreement to honor TAHO's credits.

30.     WO would be unjustly enriched if allowed to retain the benefit of TAHO's services without compensating TAHO for the value provided.

WHEREFORE, the Plaintiff demands this Honorable Court grant it damages, costs of suit, statutory interest, and such further relief as this Honorable Court deems appropriate and just.

WHEREFORE, the Plaintiff demands a trial by jury on all claims so triable.

SIGNATURE BLOCK ON FOLLOWING PAGE

Respectfully submitted,
The Plaintiff,
By its attorney,


Andrew M. Greenberg, Esquire
1330 Centre St.
Newton, MA 02459
(617) 965-9300
Amg1176@comcast.net
BBO#652317

Dated: January 12, 2023

7

# EXHIBIT A

# The Allan R. Hackel Organization Inc.

### Established 1954

Box 69, 1330 Centre Street, Newton Centre, Massachusetts, 02459 (617) 965-4400 Fax 617/527-6005

Contract No.05-010

Westwood One Radio Network
2000 Post Oak Blvd.
Suite 4000
Houston, TX 77056
Attn: Martha Curras

AGREEMENT made and entered into this _____ day of November , 20 05 by and between "The Allan R. Hackel Organization, Inc.", a Massachusetts corporation, hereinafter referred to as Party "TAHO" and _____

Westwood One Radio Network

_____ hereinafter referred to as Party "B". Whereas Party B agrees to purchase from Party "TAHO" and Party "TAHO" agrees to sell to Party "B" the items hereinafter described, upon the conditions and terms hereinafter set forth. NOW THEREFORE, In consideration of One ($1.00) Dollar and other valuable consideration in hand paid, the receipt whereof is mutually acknowledged, it is agreed as follows:

1. Party TAHO agrees to sell to Party "B" and Party "B" agrees to purchase the following item(s):

Full Page B/W ad in USA Today* to be used in 2006 as available from the media Inventory of TAHO amounting to $96,000 or ads in Business Week amounting to $96,000*

* Subject to Client Clearance

2. In payment of the foregoing, Party "B" agrees to pay Party "TAHO" as follows:

$192,000        trade

(a) _____ cash, or in lieu of all cash, TAHO agrees to accept:

(b) 1. _____-0-_____ cash

2. Plus credit established in favor of Party TAHO of
$192,000 in credit in Westwood One Radio Networks or Metro Traffic Reports.

3. Other

Westwood One and Metro Traffic Reports valid until used. No expiration.
Booking $89,800 in Q4 2005, Remaining credit will Air thru 2006, and rolled each year according to their attached committee

This agreement shall be binding upon Party "TAHO" only when countersigned, accepted and approved at the home office and signed by Allan R. Hackel, President on behalf of Party "TAHO". No salesman, agent, or other representative of Party "TAHO" has any authority, actual or ostensible, to alter in any way, the provisions of the foregoing agreement unless such amendment is in writing, accepted and approved at the home office and signed by Allan R. Hackel. The terms and provisions set forth on the reverse side of this agreement are specifically incorporated into and made a part of this agreement. IN WITNESS WHEREOF, I/we, the undersigned, execute this agreement warranting and representing that I/we am/are duly authorized and empowered to execute this agreement on behalf of Party B.

Party "B"

_____
Martha Curras

BY _____
                    Date

TITLE _____

Witness to Party "B"

The Allan R. Hackel Organization, Inc.

BY _____
        Allan Hackel

Accepted and approved for The Allan R. Hackel Organization, Inc.

BY _____
   Allan R. Hackel, Chairman            Date

_____
Witness to Allan R. Hackel

P. 1

i2-05·03



A **WESTWOOD ONE** COMPANY

40 WEST 57TH STREET
NEW YORK, NEW YORK 10019
PHONE: 212-641-2078
FAX: 212-641-2196

RECEIVED
DEC 0 1 2005
BA No.

0 5010

# RECIPROCAL AGREEMENT

| | | | |
|---|---|---|---|
| Client: | Forbes Inc. | Date: | 11/30/2005 |
| Agency: | The Allan R. Hackel Organization | Client Contact: | Allan Hackel |
| Address: | Box 69 1330 Centre St | Metro Contact: | Martha Curras |
| | Newton Centre, MA 02459 | Category Code: | Publications |
| Telephone: | 617-965-4400 | | (CORPORATE USE ONLY) |

S.S. or Federal ID No.: _____

Check One:   New Client          Renewal
              Corporation   Partnership   Individual

## CLIENT TO RECEIVE

| | | | |
|---|---|---|---|
| Start Date: | 11/30/2005 | End Date: | 11/29/2006 |
| Other | Metro Traffic, Westwood One | Product to be Advertised: | Forbes Inc. |
| | | Market: | National |
| | | Total Amount: | $192,000 |

## METRO TO RECEIVE

Description of Goods and Services:          Full Page B/W ad in USA Today to be used
in 2005 as available from the media inventory of TAHO amounting to $96,000 or ads in
Business Week

Recipier / Market:          Value of Goods and Services:          $96,000
**Special Conditions:** Client to air $89,900 in Westwood One Programming in Q4 of 2005. Remaining credit will air
thru 2006. If a balance remains after one year from the date of this agreement, a letter will be issued to TAHO
extending the credit an additional 12 months and will continue in that manner until credit is used.

The terms and provisions set forth on the reverse side hereof are specifically incorporated into and made part of this agreement.
IN WITNESS WHEREOF, we, the undersigned hereunto set our hands effective as of ___12/1/05___
                                                                                          DATE

METRO NETWORKS COMMUNICATIONS, LIMITED PARTNERSHIP          By:
METRO NETWORKS COMMUNICATIONS, INC.,
IT'S GENERAL PARTNER          CLIENT

BY:          Firm Name:   THE Allan R. Hackel Org. Inc.

BY:          By:   Aberman Hackel, Pres.
                        NAME / TITLE
          This agreement shall not be binding on Metro unless signed by two officers of Metro's General Partner.

FOR INTERNAL PURPOSES ONLY
NOTE: Reciprocal Agreement must be accompanied by authorized Barter Agreement Pre-Approval Form.
          General Manager Approval: _____





COMPANIES

### BARTER AGREEMENT PRE-APPROVAL FORM

☐ METRO NETWORKS                    ☐ SHADOW BROADCAST SERVICES

DATE: 11/30/05   SALESPERSON: _Matthew Ciara_   VP/GM: _____ /DATE: _____
                                                    (APPROVAL SIGNATURE)

SPONSOR INFORMATION:
VENDOR NAME: _Allan Rhuchel Organizat (Forbes)_   MARKET: _Vision_

DESCRIPTION OF PROPOSED GOODS OR SERVICES TO BE PROVIDED TO WW1: _USA Today Page or Brainstweek_

HOW & WHEN WILL WW1 USE THESE GOODS OR SERVICES? _2006 for NPR or Clients._

HAVE WE DEALT WITH THIS VENDOR BEFORE?   (YES)   NO
                                        IF YES, DATE OF MOST RECENT AGREEMENT _____

DO WE CURRENTLY OWE THIS VENDOR AIR TIME?   YES   IF YES, AMOUNT $ __ NO _in other agreements._

DOES THE VENDOR OWE US ANY GOODS/SERVICES FROM PREVIOUS CONTRACT? YES   NO   $ _on books various acts_
(COPY OF USAGE REPORT AND A STATEMENT OF ACCOUNT WILL BE REVIEWED TO VERIFY A $0 BALANCE. RENEWAL CAN
AND WILL BE DENIED IF A SUBSTANTIAL UNUSED OR UNREPORTED BALANCE IS DUE FROM VENDOR ON A PREVIOUS CONTRACT.)

CONTRACT VALUE OF GOODS/SERVICES WE ARE TO RECEIVE:
RATIO:  EXPLAIN IF GREATER THAN 1:1 _____ 2:1 _____

WHAT IS THE FAIR MARKET VALUE OF THE GOODS/SERVICES BEING PROVIDED BY THE VENDOR?   $ _96,000_
                                                                TOTAL COST OF GOODS/SERVICES IF WE PAID CASH

WHAT IS THE TOTAL DOLLAR AMOUNT OF CASH ORDERS FOR THIS VENDOR? _None_ (PLEASE ATTACH DOCUMENTATION)

IS THERE BUDGET APPROVAL FOR THE EXPENSE THAT WILL BE INCURRED FOR USE OF GOODS / SERVICES ASSOCIATED WITH THE TRADE PORTION?

AIRTIME INFORMATION:
TOTAL AIRTIME THAT WILL BE OWED TO THE VENDOR:   $ _192,080_

WHICH OF THE FOLLOWING AIRTIME WILL THE VENDOR USE?            (Use attached page to list additional markets with rate and # of spots if necc.)

| | | | Rate per spot | # of Spots |
|---|---|---|---|---|
| Metro Sponsorships: | Market(s) | | | |
| Shadow Sponsorships: | Market(s) | | Rate per spot | # of Spots |
| RGS radio: | Market(s) _Westwood One_ | | Rate per spot | # of Spots |

HAS THE VENDOR BEEN INFORMED THAT AIRTIME IS PRE-EMPTIBLE?   (YES)   NO

DOES THE VENDOR HAVE ANY SPECIFIC TIME PERIODS THAT MUST RUN? _$ 89,900 in Q4 of 2005_
                                                    _remaining in 2006._
                                        - LIST BROADCAST MONTHS

GENERAL INFORMATION:
PURPOSE OF AGREEMENT:
    ATTACH A COPY OF THE CASH AGREEMENT & BILLING CODES _____
    SPECIAL PROJECT - SPECIFY _____
    AFFILIATE RELATIONS - SPECIFY _____
    AFFILIATE TRADE BANK REDUCTION - SPECIFY _____
    OTHER (BUDGETED?) _____

IS THERE AN AGENCY INVOLVED? IF YES - SPECIFY _NS_

HAS THE AGENCY BEEN INFORMED THAT THERE WILL BE NO CASH COMMISSION ON THE TRADE CONTRACT?

APPROVALS(S)
TRADE MANAGER _____   DATE: _____
BARTER COORDINATOR _____   DATE: _____
VP FINANCE _____   DATE: _____

Westwood One
40 West 57th Street, 15th Floor
New York, NY 10019
Phone (212) 373-5330  Fax (212) 641-2026
Attn: Trade Manager or
Attn: Barter Coordinator

FINANCE DEPT TO COMPLETE:
CHECK BOX IF APPLICABLE:
☐ APPROVAL OF TRADE IS CONTINGENT ON
CASH CONTRACT APPROVAL

INITIALS _____

# EXHIBIT B

## *The Allan R. Hackel Organization Inc.*

ESTABLISHED 1954



March 4, 2010

Martha Curras
Westwood One
METRO NETWORKS
2800 Post Oak Blvd. Suite 4000
Houston TX  77056

Dear Martha::

This is an up to date status report of Westwood One Trade account with the
Allan R. Hackel Organization, Inc.

At this time our records show that Westwood One owes The Allan R. Hackel
Organization, Inc. $189,650.00 in Airtime.
Our last agreed balance with Westwood one was on 6/8/09.  There has been
one transaction since that time.

If you are in agreement with the above figures please sign and return a copy of
this letter to my attention.  If you disagree please list any discrepancy in the
space provided.

If you have any questions please feel free to call me.

Sincerely,

*Maureen Kimmins*

Maureen Kimmins
Manager Trade Accounting.

AGREED TO AND ACCEPTED:

BY: *Betsy R. Calderon*

DATE: 08/3/10

DISCREPANCY:

1330 CENTRE STREET, NEWTON CENTER, MASSACHUSETTS 02459
Tel (617) 965-4400  FAX (617) 627-6005
www.HackelBarter.com

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>2381 CV 170 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| | | COUNTY Middlesex Superior Court (Woburn) |

| Plaintiff     The Allan R. Hackel Organization, Inc. | Defendant     Westwood One, LLC |
|---|---|
| ADDRESS:     1330 Centre Street | ADDRESS:     780 Johnson Ferry Rd., Suite 500 |
| Newton, MA 02459 | Atlanta, GA 30342 |
| **Plaintiff Attorney:**     Andrew M. Greenberg | **Defendant Attorney:** |
| ADDRESS:     1330 Centre Street | ADDRESS: |
| Newton, MA 02459 | |
| BBO:     652317 | BBO: |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO.<br>A01 | TYPE OF ACTION (specify)<br>Services, Labor, & Materials | TRACK<br>F | HAS A JURY CLAIM BEEN MADE?<br>☒ YES ☐ NO |
|---|---|---|---|

*If "Other" please describe:

| Is there a claim under G.L. c. 93A?<br>☐ YES ☒ NO | Is there a class action under Mass. R. Civ. P. 23?<br>☐ YES ☒ NO |
|---|---|

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

A. Documented medical expenses to date

    1. Total hospital expenses                                   _____

    2. Total doctor expenses                                       _____

    3. Total chiropractic expenses                          _____

    4. Total physical therapy expenses                 _____

    5. Total other expenses (describe below)         _____

                                 Subtotal (1-5):    **$0.00**

B. Documented lost wages and compensation to date     _____

C. Documented property damages to date     _____

D. Reasonably anticipated future medical and hospital expenses     _____

E. Reasonably anticipated lost wages     _____

F. Other documented items of damages (describe below)     _____

                                   TOTAL (A-F):    **$0.00**

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Defendant owes Plaintiff sum of $189,650.00 in trade balance for radio advertising credits | $189,650.00 |
| | Total | **$189,650.00** |

| Signature of Attorney/Unrepresented Plaintiff: X | Date:     January 12, 2023 |
|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X | Date:     January 12, 2023 |
|---|---|

SC0001: 1/22/2021                 www.mass.gov/courts                 Date/Time Printed:01-19-2023 09:27:38

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2381CV00170 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: The Allan R. Hackel Oraganization, Inc. vs. Westwood One, LLC | | Michael A. Sullivan, Clerk of Court Middlesex County |
| TO: File Copy | | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

STAGES OF LITIGATION         DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 04/19/2023 | |
| Response to the complaint filed (also see MRCP 12) | | 05/19/2023 | |
| All motions under MRCP 12, 19, and 20 | 05/19/2023 | 06/20/2023 | 07/18/2023 |
| All motions under MRCP 15 | 05/19/2023 | 06/20/2023 | 07/18/2023 |
| All discovery requests **and depositions** served and non-expert depositions completed | 11/15/2023 | | |
| All motions under MRCP 56 | 12/15/2023 | 01/15/2024 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/13/2024 |
| Case shall be resolved and judgment shall issue by | | | 01/20/2025 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 01/19/2023 | ASSISTANT CLERK **Martha Fulham** | PHONE |
|---|---|---|

Date/Time Printed: 01-19-2023 10:43:31                                          SCV026\ 08/2018

 Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
02/13/2023
CT Log Number 543210617

## Service of Process Transmittal Summary

TO:    Richard Denning
CUMULUS MEDIA INC.
780 JOHNSON FERRY RD FL 5
ATLANTA, GA 30342-1434

RE:    **Process Served in Delaware**

FOR:    Westwood One, LLC  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | The Allan R. Hackel Organization, Inc. vs. Westwood One, LLC |
| CASE #: | 2381CV170 |
| PROCESS SERVED ON: | The Corporation Trust Company, Wilmington, DE |
| DATE/METHOD OF SERVICE: | By Traceable Mail on 02/13/2023 |
| JURISDICTION SERVED: | Delaware |
| ACTION ITEMS: | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780112613569 |
| | Email Notification,  Richard Denning  Richard.Denning@cumulus.com |
| | Email Notification,  Melissa Weatherly  Melissa.Weatherly@cumulus.com |
| REGISTERED AGENT CONTACT: | The Corporation Trust Company |
| | 1209 Orange Street |
| | Wilmington, DE 19801 |
| | 866-665-5799 |
| | SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



Andrew M. Greenberg, Esq.
1330 Centre St,
Newton, MA 02459

The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

CERTIFIED MAIL

7022 0410 0001 4480 5640

U.S. POSTAGE PAID
$9.48

# Commonwealth of Massachusetts

. MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 23S1CV170

The Allan R. Hackel
Organization, Inc. _____ , PLAINTIFF(S),

v.

Westwood One, LLC _____ , DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO   Westwood One, LLC   . (Defendant's name)

**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you.  A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the _____ Court.  **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.   **You must respond to this lawsuit in writing within 20 days.**  If you do not respond, the court may decide
the case against you and award the Plaintiff everything asked for in the complaint.  You will also lose the
opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect
to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an
extension of time in writing from the Court.**

2.   **How to Respond.**  To respond to this lawsuit, you must file a written response with the court **and** mail a
copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:
   a.   Filing your **signed original** response with the Clerk's Office for Civil Business, Middlesex Superior   Court,
200 Trade Center, 2nd Fl.
Woburn, MA 01801 _____ (address), by mail or in person, **AND**
   b.   Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following
address:  Andrew M. Greenberg 1330 Centre St. Newton, MA 02459.

3.   **What to include in your response.**  An "Answer" is one type of response to a Complaint.  Your Answer
must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
use them in court.  If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
based on the same facts or transaction described in the Complaint, then you must include those claims
in your Answer.  Otherwise, you may lose your right to sue the Plaintiff about anything related to this
lawsuit.  If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
Answer or in a written demand for a jury trial that you must send to the other side and file with the
court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a
**"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient.  A Motion
to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12. If**
you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
described in the rules of the Court in which the complaint was filed, available at
www.mass.gov.courts/case-legal-res/rules of court.

4.  **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi Brieger, Chief Justice on _January 19_ , 20 _23_.

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____, 20___        Signature: _____

**N.B.    TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

, 20___

## ANDREW M. GREENBERG, ATTORNEY AT LAW

1320 Centre St. Suite 103
Newton, Massachusetts 02459
Email: amg1176@comcast.net

Telephone: (617) 965-9300
(617) 965-9301
Facsimile: (617) 965-9302

February 8, 2023

The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

**VIA CERTIFIED MAIL (RETURN RECEIPT REQUESTED)**
**7022 0410 0001 4480 5640**

Re:  **The Allan R. Hackel Organization, Inc. v. Westwood One, LLC**
      **Middlesex Superior Court – Civil Docket No. 2381CV170**

To Whom It May Concern:

   The enclosed is being served on you as the Registered Agent for Westwood One, LLC.  Please find enclosed with this letter a summons, complaint, civil action cover sheet, and tracking order served pursuant to the Massachusetts Long Arm Statute (MGL c. 223A).   Please note the under the Massachusetts Rules of Civil Procedure, you have twenty (20) days from the date of service to file an Answer or other responsive pleading.

   Thank you in advance for your time and attention to this matter.

                              Very truly yours,

                              Andrew M. Greenberg

AMG
Enclosures
cc:    client